UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN 17 ₽ 12:44 CIVIL ACTION NO. 04-10977WGY

CHARLES A. SWANSON,JR.U.S. DISTRICT COURT
90 BALDWIN AVENUE    DISTRICT OF MASS ANSWER OF NATIONAL
EVERETT, MA 02149        *    RAILROAD PASSENGER CORPORATION
        Plaintiff         *    TO PLAINTIFF'S COMPLAINT

Vs.                       *
                          *
NATIONAL RAILROAD         *
PASSENGER CORPORATION     *
253 SUMMER STREET         *
BOSTON, MA 02210          *
        Defendant         *

_____

        Now comes the Defendant, National Railroad Passenger
Corporation (hereinafter referred to as "Amtrak"), and answers
the allegations set forth in the Plaintiff's Complaint as follows:

1.    Defendant admits the allegations set forth in Paragraph 1
      of the Plaintiff's Complaint.

2.    Defendant admits the allegations set forth in Paragraph 2
      of the Plaintiff's Complaint.

3.    Defendant is not called upon to either admit or deny the
      allegations set forth in Paragraph 3 of the Plaintiff's
      Complaint.

4.    Defendant admits the allegations set forth in Paragraph 4
      of the Plaintiff's Complaint.

5.    Defendant denies the allegations set forth in Paragraph 5
      of the Plaintiff's Complaint.

6.    Defendant admits that Plaintiff was employed by the
      Defendant since 1976, but it denies the remaining
      allegations set forth in Paragraph 6 of the Plaintiff's
      Complaint.

7.    Defendant denies that all property, equipment and operations
      were either owned or under the exclusive control of Defendant.

Defendant admits the remaining allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

8.   Defendant admits that the Plaintiff has been employed by the Defendant since 1976. Defendant denies the remaining allegations set forth in Paragraph 8 of the Plaintiff's Complaint.

9.a-g.   Defendant denies the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10.   Defendant admits that it had an obligation to provide a reasonably safe workplace. Defendant denies the remaining allegations set forth in Paragraph 10 of the Plaintiff's Complaint.

11.   Defendant denies the allegations set forth in Paragraphs 11 of the Plaintiff's Complaint.

12.   Defendant denies the allegations set forth in Paragraph 12 of the Plaintiff's Complaint.

13.   Defendant denies the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14.   Defendant denies the allegations set forth in Paragraph 14 of the Plaintiff's Complaint.

15.   Defendant denies the allegations set forth in Paragraph 15 of the Plaintiff's Complaint.

WHEREFORE, the Defendant Amtrak denies that the Plaintiff is entitled to judgment against it as alleged in the Complaint.

## ADDITIONAL DEFENSES

1.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.   If Defendant AMTRAK were guilty of any negligence proximately causing the injuries and damages set forth in the Complaint, all of which AMTRAK expressly denies, then plaintiff is guilty of negligence contributing to cause said injuries and damages.

3.   Plaintiff's claim should be barred because Plaintiff was guilty of negligence which was a contributing cause of

Plaintiff's injuries and which negligence was greater than the amount of negligence, if any, attributable to Defendant AMTRAK, or alternatively, the Plaintiff's claim should be reduced by the amount of Plaintiff's negligence.

4.  The actions or inactions of Defendant AMTRAK were not the proximate cause of Plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superseding causes for which AMTRAK was not responsible.

5.  The acts or failures to act alleged in the Complaint were committed or omitted, if at all, by parties for whose conduct or inaction AMTRAK was not, and is not, legally responsible.

6.  Plaintiff's claims are barred because Plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the Plaintiff has failed to mitigate them.

7.  Plaintiff's claim is barred for failure to join one or more indispensable parties.

WHEREFORE, the Defendant AMTRAK respectfully requests that the Court:

1.  Deny the relief sought by Plaintiff in the Complaint and dismiss said Complaint with prejudice;
2.  Award AMTRAK its reasonable costs and attorney's fees; and
3.  Order such other and further relief as the Court deems just and proper.

DEFENDANT AMTRAK DEMANDS TRIAL BY JURY.

NATIONAL RAILROAD
PASSENGER CORPORATION
By its Attorney,

Paul J. Sahovey
Assistant General Counsel
Ten Park Plaza
Dated:    June 14, 2004         Boston, MA 02116