IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES SWANSON

    Plaintiff

vs.      CASE NO. 04-10977-JGD

NATIONAL RAILROAD
PASSENGER CORPORATION,

    Defendant

**PROPOSED JOINT SCHEDULING PLAN
PURSUANT TO RULE 16(B) AND 26(F)**

1.   Statement of the Case

This case involves a carpal tunnel syndrome claim brought pursuant to an Act of Congress known as the Federal Employer's Liability Act (FELA), 45 U.S.C., Sec. 51 et seq.

As a result of his job duties, Plaintiff was exposed to the occupational risk factors for repetitive stress injury to his hands. It is Plaintiff's claim that as a result of the Defendant's negligence, Plaintiff suffered occupational carpal tunnel syndrome.

Defendant failed to provide Plaintiff with a safe work environment under the FELA, specifically, failing to provide an adequate and timely ergonomics program, adequate equipment and/or manpower to perform his duties.

The Defendant denies Plaintiff's claims and further denies that its' alleged negligence was the proximate cause of Plaintiff's injuries.

2.  Joint Discovery Plan

The attorneys for the parties have reached an agreement for a proposed Pretrial schedule as follows:

    (a)    All additional parties shall be joined by October 13, 2004.

    (b)    Amendment of pleadings shall be completed by October 13, 2004.

    (c)    Parties will exchange initial disclosures by December 15, 2004.

    (d)    All fact discovery should be completed by March 31, 2005.

    (e)    All experts who may be witnesses for the Plaintiff shall be designated no later than January 31, 2005.

    (f)    All experts who may be witnesses for the Defendant shall be designated no later than February 28, 2005.

    (g)    All expert discovery shall be completed by March 31, 2005.

    (h)    All motions for Summary Judgment to be filed by April 15, 2005.

Thomas J. Joyce, III, Hannon & Joyce, counsel for Plaintiff, Joseph DiBenedetto, and Paul J. Sahovey, Massachusetts Bay Transportation Authority, counsel for Defendant, National Railroad Passenger Corporation, have conferred concerning the above discovery schedule and expenses.

Counsel for the parties have discussed informally exchanging discovery to reduce the cost of litigation to our clients and agreed to conform to the obligation to limit discovery set forth in F.R.C.P. 26(b). Discovery is expected to

include all relevant information including but not limited to Plaintiff's work and medical history as well as Defendant's safety, medical and ergonomic history regarding carpal tunnel syndrome.

The parties and their respective counsel have conferred regarding settlement.


Dated: September 10, 2004

                                                            Respectfully Submitted,

ATTORNEY FOR PLAINTIFF              ATTORNEY FOR DEFENDANT

*/s/ Thomas J. Joyce, III/*                     */s/ Paul J. Sahovey/*

Thomas J. Joyce, III, Esquire           Paul J. Sahovey, Esquire
HANNON & JOYCE                       Massachusetts Bay Transportation
Public Ledger Building, Suite 1000     Authority
150 S. Independence Mall West        10 Park Plaza
Philadelphia, PA  19106                Boston, MA  02116
215-446-4460                              617-222-3189

*/s/ Michael J. McDevitt/*

Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Aveue, Suite 345
Boston, MA  02210
617-439-4990
Local Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES SWANSON

    Plaintiff

vs.                                   CASE NO. 04-10988-JLT

NATIONAL RAILROAD
PASSENGER CORPORATION,

    Defendant

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this Court's Order, Thomas J. Joyce, III, representing Plaintiff, and Paul J. Sahovey, representing the Defendant, met on September 10, 2004 pursuant to Rule 26(f) to discuss:

(1) the nature and basis of their claims and defenses;

(2) the possibility for a prompt settlement or resolution of this case;

(3) to make or arrange for the disclosures required under Rule 26(a)(1); and

(4) to develop a discovery plan.

To that end, the parties propose the following:

A. The issues in this case may be simplified by taking the following steps:

    1. The parties will exchange written Interrogatories and Request for production of Documents;

    2. Defendant will take Plaintiff's discovery deposition;

    3. Plaintiff will be made available for defense medical examination;

  4. Plaintiff will take the discovery deposition of Defendant's Safety Director, Medical Director and Ergonomist; and

  5. The parties will conduct an ergonomic site inspection.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

  1. None

C. Discovery will be needed on the following subjects:

  1. Plaintiff's work history;

  2. Plaintiff's medical history;

  3. Plaintiff's exposure to ergonomic risk factors for carpal tunnel syndrome;

  4. Defendant's ergonomic program to prevent occupational carpal tunnel syndrome; and

  5. Causation

D. Discovery should be conducted in phases.

E. Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge. YES__X__ ____NO

F. The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G. The parties have discussed the possibility of alternative dispute resolution and concluded: Alternative dispute resolution is not needed in this case.

H. The parties have discussed a prompt settlement or other resolution of this matter. The Plaintiff has made a written demand of $150,000.00, and the Defendant has offered $0.

I. The Court should consider the following methods of expediting the resolution of this matter.

Dated: September 10, 2004

ATTORNEY FOR PLAINTIFF

*[signature]*

Thomas J. Joyce, III, Esquire
HANNON & JOYCE

Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA   19106
215-446-4460

*[signature]*

Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA   02210
617-439-4990
Local Counsel for Plaintiff

ATTORNEY FOR DEFENDANT

*[signature]*

Paul J. Sahovey, Esquire
Massachusetts Bay Transportation Authority
10 Park Plaza
Boston, MA   02116-3974
617-222-3189